861 F.2d 728
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lucky L. BILLINGS, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 88-3216.
 United States Court of Appeals, Federal Circuit.
 Sept. 19, 1988.
 
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Lucky L. Billings, petitions for review of the decision of the Merit Systems Protection Board (MSPB or board), Docket No. CH07528410244-1, sustaining his removal by the Federal Aviation Administration (FAA) as an Air Traffic Control Specialist. We affirm.
 
 
 2
 Petitioner, who was an air traffic control trainee, was removed under Chapter 75 of the Civil Service Reform Act, 5 U.S.C. Secs. 7501-7543 (1982), for failure to complete satisfactorily a portion of the FAA's training program for developmental controllers. The MSPB presiding official, on May 24, 1984, issued an eleven page initial decision upholding the FAA's action. After intervening proceedings not here pertinent, the full board in its Opinion and Order of March 25, 1988 affirmed, with modifications, the initial decision.
 
 
 3
 Billings argues on appeal that the FAA engaged in a prohibited personnel practice because he was removed in retaliation for exercise of his appeal rights, which resulted in his reinstatement to his FAA position after being removed following the 1981 nationwide air traffic controllers' strike. He also asserts inaccuracies in eight isolated findings of fact.
 
 
 4
 The board in its opinion carefully considered Billings' allegations of a prohibited personnel practice under 5 U.S.C. Sec. 2302(b)(9) (1982) and concluded that he had failed to establish a causal connection between this removal action and the protected conduct in which he had engaged. See Rogers v. Department of Defense Dependent Schools, 814 F.2d 1549, 1555 (Fed.Cir.1987). Billings had the burden of proving that there was a prohibited personnel practice, including the nexus factor. See Warren v. Department of the Army, 804 F.2d 654, 656 (Fed.Cir.1986); Rogers, 814 F.2d at 1555. In reviewing the board's findings and analysis, we are not persuaded that it erred in concluding that Billings' removal was not the result of a prohibited personnel practice.
 
 
 5
 Billings asserts certain factual errors in the board's opinion and in the initial decision, but for most of the errors he references no testimony, document or other evidence to support his contentions. Even assuming he is correct, however, such errors would not affect or negate the essential factual findings of the board (1) that Billings failed to complete satisfactorily Phase IX of the National Enroute Air Traffic Training Program, (2) that he was given adequate counseling and training, (3) that his own failure to complete his job requirements led to his removal, and (4) that reassignment retention was not an option for the FAA.
 
 
 6
 Accordingly, we affirm on the basis of the board's Opinion and Order referred to above because we conclude that the board's action was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).